IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAVIS S. PIERCE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:25-cv-382-CAR-ALS |
| | : |
| OFFICER SHORT, *et al.,* | : |
| | : |
| Defendants. | : |

**ORDER**

Plaintiff Travis S. Pierce, a prisoner currently detained at the Colquitt County Correctional Institution in Moultrie, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). As discussed below, Plaintiff is now **ORDERED** to recast his complaint on the standard form and to pay an initial partial filing fee of $44.93.

I.   Complaint

Plaintiff's complaint is not on the required form for use by *pro se* prisoner litigants. (Doc. 1). Therefore, Plaintiff is **ORDERED** to recast his complaint on the Court's standard form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action.[1] Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how each individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each

---

[1] Fictitious party pleading, *i.e.*, bringing claims against John Doe defendants, is generally only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Thus, when recasting his complaint, Plaintiff must attempt to identify all defendants by name. If he cannot identify a defendant by name, he must provide a sufficient description of the defendant to be able to proceed on any claim against that individual.

action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must truthfully complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original complaint, the affidavit, and the amended complaint**. In other words, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue, and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Plaintiff is not to attach more than ten pages of factual allegations to the complaint form.

II.     Motion to Proceed *In Forma Pauperis*

Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis* ("IFP"). (Doc. 2). As it appears Plaintiff is unable to prepay the cost of commencing this action, his motion to proceed IFP is **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that his average monthly deposits for the two months before he filed the complaint equaled $224.65.[2] (Doc. 2, at 4-6). Twenty percent of $224.65 is $44.93. Accordingly, it is **ORDERED** that Plaintiff pay an initial partial filing fee of

---

[2] Plaintiff's account transactions statement shows his intake date as two months before the complaint was filed and only includes transactions for that two-month period. Thus, the filing fee has been calculated based on Plaintiff's average monthly deposits for the two months that he was incarcerated before filing the complaint.

$44.93.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

  A.  <u>Directions to Plaintiff's Custodian</u>

It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county wherein Plaintiff is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. *Id.* In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds ten dollars ($10.00). It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

  B.  <u>Plaintiff's Obligations Upon Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of

3

any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

III.    Conclusion

In conclusion, Plaintiff is **ORDERED** to file a recast complaint consistent with the instructions herein. The Clerk is directed to forward the appropriate form to Plaintiff. Additionally, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $44.93. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file his recast complaint and to pay the required initial partial filing fee to the Clerk of Court. Hereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action. Plaintiff shall keep the Court informed of any future address change and his failure to do so also may result in the dismissal of this action.

**SO ORDERED**, this 15th day of October, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE