**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

TRAVIS S. PIERCE,                              :
                                               :
                 Plaintiff,                    :
                                               :
v.                                             :        Case No. 5:25-cv-382-CAR-ALS
                                               :
Officer SHORT, *et al.,*                       :
                                               :
                 Defendants.                   :

---

**ORDER AND RECOMMENDATION**

Plaintiff Travis S. Pierce, a prisoner currently incarcerated at Dodge State Prison in Chester, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which this Court granted on October 15, 2026. (Docs. 2, 5). Plaintiff was also ordered to recast his complaint on the standard form.[1] (Doc. 5)*.* Plaintiff paid the initial partial filing fee and filed a recast complaint. Therefore, his complaint is ripe for preliminary review. On that review, Plaintiff will be permitted to proceed for further factual development of his excessive force claims against Defendants Officer Short of the Jones County Sheriff's Department and Officer Meeks of the Gray Police Department. However, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** as to the John Doe defendants.

---

[1] In his recast complaint, Plaintiff states that he has had six federal cases dismissed as frivolous or malicious or for failure to state a claim. (Doc. 7, at 4). If this was accurate, Plaintiff would be barred from bringing proceeding IFP by 28 U.S.C. § 1915(g). A review of court records, however, shows that only *Pierce v. Schierbaum*, Case No. 1:25-cv-558-SEG (N.D. Ga.), was dismissed as frivolous. Of the other five (5) cases listed, one (1) was dismissed for failure to prosecute, one (1) is still pending, and three (3) were transferred from the United States District Court for the Northern District of Georgia to this Court. The three (3) transferred cases were all ultimately dismissed for failure to prosecute, and the Court's review of Plaintiff's litigation history did not reveal any other cases dismissed as frivolous or malicious or for failure to state a claim. Thus, it appears that Plaintiff has only one strike under § 1915(g).

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550

2

U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Factual Allegations

Plaintiff asserts that, on June 10, 2025, Officer Short of the Jones County Sheriff's Department woke Plaintiff up at 3:00 a.m. to transport Plaintiff to a different correctional facility. (Doc. 7, at 7). Plaintiff packed his belongings and went to the booking area where Officer Short gave him a trash bag to leave any property for his family to pick up. *Id.* Plaintiff asserts that he had a pair of sneakers, a pair of jeans, paperwork, a Louis Vuitton wallet, and a belt that he intended to leave for his family to pick up. *Id.*

Officer Short told Plaintiff that he must wear his own clothes to be transported to the prison instead of the jail issued clothing that he'd worn for the prior five months. *Id.* Plaintiff refused to wear his own clothes (valued at $1,308.00) to the prison because they would be confiscated and

3

destroyed. *Id.* at 7-8. Officer Short told Plaintiff that, if he did not wear his own clothes, he would be charged for the jail issued pants and sandals that he had been wearing. *Id.* at 7. Plaintiff responded that the jail was responsible for providing him with clothes to wear to the prison. *Id.* Officer Short reiterated that Plaintiff must change into his own clothes, and she told Plaintiff that she would call for backup officers if he refused to do so on his own. *Id.* Plaintiff again refused to put on his clothes. *Id.* at 7-8.

Plaintiff alleges that Officer Short called officers from the Gray Police Department for help. (Doc. 7, at 8). When they arrived, Plaintiff informed the officers that, if he was forced to wear his own clothes, he "would not be walking voluntarily[.]" *Id.* Plaintiff asserts that he "fell on the ground" when officers attempted to pick him up from the bench that he was siting on. *Id.* Notably, later in the recast complaint, Plaintiff claims that he was thrown on the floor by officers. *Id.* at 9. Plaintiff further alleges that Officer Short, Officer Meeks, two (2) John Doe officers from Jones County, and one (1) John Doe Gray police officer assaulted him and used unnecessary force "by dragging [him] handcuffed across the dirty floor in [his] brand new white T-shirt[.]" *Id.* at 8. As a result, Plaintiff claims he suffered mental and physical injuries which include a broken elbow, a bruised knee, and aggravation of a previously existing injuries to his back and knee. *Id.* at 8-9.

III.    Plaintiff's Claims

Plaintiff's allegations suggest potential claims for excessive force. The Eighth Amendment's prohibition against cruel and unusual punishment forbids the "unnecessary and wanton infliction of pain[,]" including the use of excessive force. *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021) (quoting *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010)). "In the prison context, an excessive force claim 'requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal

4

civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind.'" *Id.* (quoting *Thomas*, 614 F.3d at 1304). The objective showing "is responsive to contemporary standards of decency[,]" and thus even "a de minimis use of force is cognizable under the Eighth Amendment if it is 'repugnant to the conscience of mankind.'" *Id*. (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010)). To show subjective intent, the prisoner must show that a prison official applied force to a prisoner "maliciously and sadistically to cause harm" rather than "in a good faith effort to maintain or restore discipline[.]" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009); *Williams v. Radford*, 64 F.4th 1185, 1195 (11th Cir. 2023) ("The ultimate question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (quoting *Wilkins*, 559 U.S. at 37)). To determine whether force was applied maliciously or sadistically to cause harm, the court considers factors which include:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Williams*, 64 F.4th at 1196-97 (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999)).

Here, Plaintiff asserts that the officers threw him down on the floor and then dragged him with such force that Plaintiff broke his elbow and sustained other injuries. It is not clear from Plaintiff's recast complaint whether he will be able to prove that the officers did so maliciously, as Plaintiff's own allegations also indicate somewhat contradictorily that Plaintiff threw himself on the ground, and he alleges that he refused direct commands and refused to walk when the alleged events occurred. Nevertheless, at this stage of the proceeding, the Court will construe

Plaintiff's allegations liberally and in his favor. Moreover, accepting as true the extent of the injuries that Plaintiff alleges he suffered, it is a colorable conclusion that the officers' actions exceeded the amount of force needed to maintain order. Therefore, Plaintiff's excessive force claims against Officer Short of the Jones County Sheriff's Department and Officer Meeks of the Gray Police Department will be permitted to proceed for further factual development.

However, Plaintiff's claims against the John Doe Defendants are subject to dismissal. Generally, simply identifying someone as "John Doe" is only permitted in federal court when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his or her actual name is unknown. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (noting the "limited exception" to the rule against fictitious-party pleading "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'") (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, the plaintiff must typically provide a description of the defendant that is "sufficiently clear to allow service of process" on that defendant. *Dean*, 951 F.2d at 1216 (finding that plaintiff should have been allowed to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant). Here, Plaintiff has not provided any description of these John Doe defendants that would allow the Court to identify them. It is therefore **RECOMMENDED** that Plaintiff's claims as to the John Doe defendants be **DISMISSED without prejudice**.

### CONCLUSION

For the foregoing reasons, Plaintiff's excessive force claim against Officer Short of the Jones County Sheriff's Department and Officer Meeks of the Gray Police Department shall proceed for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims as to the John Doe defendants be **DISMISSED without prejudice.**

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. Objections to the Recommendation are limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendants **OFFICER SHORT** and **OFFICER MEEKS**, it is **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under

7

Rule 12, 28 U.S.C. § 1915, and the PLRA. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been

served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of that Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing

9

counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 26th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

10

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)    State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)    If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3)    State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4)    If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)    Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.

11